**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

T.S.P. CO., INC.

                                                    CASE NO. 10-53637

DEBTOR

SECRETARY OF THE LABOR CABINET,
COMMONWEALTH OF KENTUCKY                                        PLAINTIFF

VS:                                            ADV. NO. 11-5004

T.S.P. CO., INC.                                                DEFENDANT

<u>MEMORANDUM OPINION</u>

This matter having come before the Court on the Plaintiff's Motion to Remand [Doc. 12]

and Motion to Abstain [Doc. 13], and the Court having heard arguments of counsel, reviewed

the record and being otherwise sufficiently advised, will grant Plaintiff's Motion to Remand on

the grounds that an administrative proceeding may not be removed to this Court pursuant to 28

U.S.C. §§1441 or 1452(c).

**Facts**

On October 30, 2009, the Debtor was cited by the Commonwealth of Kentucky, Labor

Cabinet ("the Cabinet"), for ten "willful serious" safety violations of Kentucky's Occupational

Safety and Health Act ("KOSHA") and fined a penalty of $42,000 for each violation.  The Debtor

contested the citations and penalties by forwarding a notice of contest to Jan Williamson, in-

house counsel for the Cabinet, on Dec. 30, 2009.  Upon receipt of the contest to the citation,

Ms. Williamson forwarded the notification of the intent to contest the citations and penalties to

the Kentucky Occupational Safety and Health Review Commission (the "Review Commission")

on January 4, 2010.  A notice of receipt of contest was served on January 5, 2010 to the

Debtor's counsel.   The Complaint was then officially filed before the Review Commission by the

Cabinet on January 13, 2010.

The procedure for contesting the citations of the Cabinet is governed by K.R.S. §338.141 and 803 KAR 50:010.  Pursuant to this statute and regulation, the Cabinet, upon receipt of the challenge of the citation by the Debtor, is required to notify the Review Commission so that the Review Commission may provide an opportunity for an administrative hearing to determine whether or not the Cabinet applied the law correctly and whether the agency's decision was supported by the evidence.  A hearing officer oversees the matter pursuant to the duties and powers enumerated in section 36 of 803 KAR 50:010.

On November 14, 2010, ten months after the filing of the administrative proceeding, the Debtor filed a voluntary Chapter 11 bankruptcy.  Three months later, on January 18 and 19, 2011, a hearing in the administrative proceeding was held before a hearing officer of the Review Commission.  The Debtor's counsel for the administrative proceeding appeared at the hearing, but informed the hearing officer that the automatic stay prevented the hearing from proceeding and he was not authorized by this Court pursuant to Bankruptcy Rule 2014(a) to represent the Debtor.

Upon questioning by the hearing officer, the Debtor's counsel admitted that he had made no attempt to seek approval from this Court nor had he raised the issue of the automatic stay with this Court.  The hearing officer cited *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383 (3d Cir. 1987) and held the hearing could proceed as an exception to the automatic stay under 11 U.S.C. §362(b)(4) as a state government entity's attempt to enforce a regulation, so long as the hearing officer did not adjudicate the $420,000 proposed penalty.

The hearing commenced and the Debtor did not present a defense.  Rather, on the afternoon of January 19, 2011, the last day of the hearing, the Debtor removed the matter to this Court pursuant to 28 U.S.C. §1441.  The Debtor argues that the matter is properly removed to this Court because the Cabinet is attempting to assess and collect a debt.

The Cabinet filed a timely Motion to Remand and a Motion to Abstain, arguing that the

2

underlying action is a non-core administrative proceeding and not removable under 28 U.S.C.

§1452.  The Cabinet further argues that if the Court is inclined take jurisdiction, the Court should

either abstain from hearing this matter based on 28 U.S.C. §§1334(c)(1) and 1334(c)(2), and/or

remand based on equitable considerations pursuant to 28 U.S.C. §1452(b).

**Analysis**

**A.     Removal**

        While the Cabinet focuses on 28 U.S.C. §1452 in its Motion to Remand, the Debtor's

Notice of Removal states that this action was removed pursuant to 28 U.S.C. §1441.  28 U.S.C.

§1441 states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in
> State court of which the district courts of the United States have original jurisdiction, may
> be removed by the defendant or the defendants, to the district court of the United States
> for the district and division embracing the place where such action is pending.

A case is only removable under section 1441 if it is a "civil action brought in State court of which

the district courts of the United States have original jurisdiction."  Administrative proceedings are

not civil actions brought in state court and thus are not subject to removal under section 1441.

*See Matter of Registration of Edudata Corp.*, 599 F. Supp. 1089 (D.C. Minn. 1984) (citing

Wright, Miller & Cooper, FEDERAL PRACTICE & PROCEDURE: JURISDICTION §3721 (1976)).

Generally, such administrative actions only become removable under section 1441 after they

are appealed.  *Id.*

        Likewise, this matter is not a "civil action brought in State court;" rather, it is before a

hearing officer pursuant to an administrative process outlined in K.R.S. Chapter 338 and 803

KAR 50:010.  Only after the hearing officer makes his findings does the statutory scheme allow

a party to ultimately appeal those findings to a state court.  *See* K.R.S. §338.091 and 803 KAR

50:010.  If the administrative remedies are exhausted and the matter appealed, an action filed in

the state court may be the type of action that is removable to the district court if the district court

3

would otherwise have original jurisdiction.  But an administrative hearing of this type before a

hearing officer prior to the exhaustion of the Debtor's administrative remedies is not the type of

action over which the district court has original jurisdiction.  Therefore, this matter is not

removable to this Court pursuant to section 1441.

Similarly, the Debtor could not remove this action under 28 U.S.C. §1452 either.  28

U.S.C. §1452(a) states:

> A party may remove any claim or cause of action in a civil action other than a
> proceeding before the United States Tax court or a civil action by a governmental unit to
> enforce such governmental unit's police or regulatory power, to the district court for the
> district where such civil action is pending, if such district court has jurisdiction of such
> claim or cause of action under section 1334 of this title.

There are four exceptions to the power of removal under §1452(a): (1) non-civil actions; (2) Tax

Court proceedings; (3) certain civil actions by governmental units; and (4) claims or causes of

action over which the district court does not have jurisdiction.  Administrative proceedings fall

under the "non-civil action" exception and are therefore not removable.  *See* 1 COLLIER ON

BANKRUPTCY ¶3.07[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  *See also In re*

*Adams Delivery Service, Inc.*, 24 B.R. 589 (9th Cir. B.A.P. 1982).  Accordingly, removal was

improper under either §§1441 or 1452(a) and the request to remand will be granted.

The Debtor further complains that the hearing officer erred in proceeding with the

hearing upon the Debtor's removal of this action to this Court.  A party removes a case under 28

U.S.C. §1441 by taking three procedural steps: (1) filing a notice of removal in the federal court;

(2) filing a copy of this notice in the state court; and (3) giving prompt written notice to all

adverse parties.  *See* 28 U.S.C. §1446(d).  *See also* Wright & Miller, 14C FED. PRAC. & PROC.

JURIS. §3736 (4th ed.)  Once these steps are taken, removal is effective and the state court

"shall proceed no further unless and until" the federal court remands the matter.  *Id.*

This is consistent with Bankruptcy Rule 9027(c), which states,

Promptly after filing the notice of removal, the party filing the notice shall file a copy of it

4

with the clerk of the court form which the claim or cause of action is removed.  Removal of the claim or cause of action is effected on such filing of a copy of the notice of removal.  The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.

Subsection (b) requires the party filing the notice of removal to "promptly" serve a copy of it on all parties to the removed claim or cause of action.  Bankr. R. 9027(b).

The record before this Court shows that the Debtor removed this matter by filing a Notice of Removal with this Court on January 19, 2011, at 12:29 p.m. (prevailing time).  The state court record contains a copy of a facsimile transmittal cover sheet from Debtor's counsel to the hearing officer notifying the hearing officer of the notice of removal.  The facsimile is stamped "Received" by the "Division of Administrative Hearings" at 1:20 p.m. that same day.  The Debtor represents in his response to the Motions that he notified all other interested parties, including the Clerk of the Administrative Court and counsel for the Labor Cabinet, of the removal in a similar fashion that same day and the Cabinet does not contest that assertion.

Thus, once the Debtor completed the required steps, the Debtor effectively removed the matter and divested the hearing officer of his jurisdiction.  The hearing officer was without jurisdiction as of 1:20 p.m. on January 19, 2011, despite the fact that this Court holds the Debtor improperly removed this matter   *See* 10 COLLIER ON BANKRUPTCY ¶ 9027.08 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing 16 MOORE'S FEDERAL PRACTICE, §107.13 [2] (Matthew Bender 3d ed.).

**B.    Abstention**

Even if this Court were to deny remand, it would abstain from hearing this proceeding as requested by the Cabinet in its Motion to Abstain.  28 U.S.C. §1334(c)(2) states:

> Upon timely motion of a party to a proceeding based on a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or rising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

5

Under this section, abstention is mandatory if (1) the case is based on a state law claim or

cause of action which, although related to a title 11 case, did not arise under Title 11 or out of a

Title 11 case; (2) the case could not have been commenced in Federal court absent the fact of

a bankruptcy petition; and (3) if the case were commenced in State court, it could be timely

adjudicated.  *See In re Forster*, 146 B.R. 383, 385 (Bankr. N.D. Ohio 1992) (citing *In re*

*Commercial Oil Service Inc.*, 58 B.R. 311, 314 (Bankr. N.D. Ohio 1986), *aff'd* 88 B.R. 126

(1987)).

The Cabinet's action commenced before the Review Commission is based exclusively

on Kentucky state law and administrative regulations.  There is no diversity of the parties or

issues raised giving rise to federal question jurisdiction.  Furthermore, the hearing officer is

proceeding to determine the validity of the citations but not the proposed penalty, the

enforcement and collection of which is the only possible connection to this bankruptcy estate.

There is no reason why the administrative proceeding cannot be adjudicated in a timely matter

within the parameters set by the hearing officer, particularly considering the Debtor did not

remove the action until the eleventh hour immediately prior to the conclusion of the hearing on

the merits.  All the elements of mandatory abstention exist.

**C.     Automatic Stay**

Finally, while the issue of the applicability of the automatic stay was not raised before

this Court, it was raised by the Debtor before the hearing officer and has been referred to by the

parties in describing the factual background for the purpose of these motions.  Accordingly, the

Court shall address the application of the stay.

The hearing officer held that pursuant to *Brock v. Morysville Body Works, Inc.*, 829 F.2d

383 (3d Cir. 1987), he could proceed with the hearing as an exception to the automatic stay

under 11 U.S.C. §362(b)(4) as a state government entity's attempt to enforce a regulation, so

long as he did not adjudicate the proposed penalty of $420,000.  This Court agrees with the

6

hearing officer's determination that the automatic stay does not apply to the administrative proceeding.

In *Brock*, a Chapter 11 debtor was cited by the Secretary of Labor for violations of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §654(a)(2).  The debtor did not contest the citation and the citation became a final order of the Occupational Safety and Health Review Commission not reviewable by any court or agency.  *Id. at* 384-385.  Following entry of the order, the Secretary petitioned the Third Circuit for summary enforcement pursuant to 29 U.S.C. §660.  The Third Circuit, in examining the purpose of the OSHA citation, found an OSHA citation could be enforced against a debtor notwithstanding the automatic stay to the extent that it ordered abatement of the health and safety hazards and required the debtor to spend money only to prevent future OSHA violations as part of that abatement.  *Id. at* 388.  Thus, the Third Circuit concluded that the Secretary could enforce the abatement order even if it required the debtor to spend money for abatement, but refused to enforce the monetary judgment.  *Id. at* 389.

This matter differs in that the administrative proceeding at issue will determine the validity of citations issued rather than attempting to enforce a final order.  The Debtor has contested the citations, thus causing the Cabinet to instigate the administrative proceeding, and any decision by the hearing officer may be appealed to the circuit court.  *See* K.R.S. §338.091 and 803 KAR 50:010.  In such a posture, it is clear that the hearing will not determine the enforcement of the $420,000 penalty because there is not yet a final order to enforce.

Furthermore, the hearing officer has limited his determination to the validity of the violations and the abatement period, and has declined to address the proposed $420,000 penalty.  In doing so, the hearing officer has also recognized that even in adjudicating the abatement period, the Debtor would not be required to spend money to correct any of the violations as the job in question has been completed.  Collection or enforcement of a money

7

judgment is not at issue.

Pursuant to the legislative history of section 362:

Where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, *safety*, or similar police or regulatory laws, *or attempting to fix damages for violation of such law*, the action or proceeding is not stayed under the automatic stay.

H.R. Rep. No. 595, 95th cong., 1st Sess. 343 (1977), U.S. Code Cong. & Admin. News 1978, 5963, 6299 (emphasis added). Kentucky's OSHA process, much like the federal process as described in *Brock*, is created to protect workers from the hazards of an unsafe work environment. *See* K.R.S. §338.011 (statement of purpose and policy). *See also Ky. Labor Cabinet v. Graham,* 43 S.w.3d 247, 253 (Ky. 2001) (holding the Kentucky Occupational Safety and Health Act is patterned after the federal act and interpreted consistent with federal law). According to the legislative history of §362, any attempt to *fix* damages for the violation of such safety laws is not prevented by the automatic stay, as opposed to the *enforcement* of those penalties attempted in *Brock*. *Brock*, 829 F.2d at 389 (emphasis added). Accordingly, the automatic stay does not prevent the hearing officer from determining whether the evidence supports the Debtor's citations or even an "action[ ] or proceeding[ ] by governmental units 'attempting to fix damages for violation of such a [health and safety] law.'" *Id.* Any judgment which the Cabinet may obtain, however, is collectible only in the bankruptcy proceedings. *See In re Shelbyville Mixing Center, Inc.*, 288 B.R. 765, 770 (Bankr. E.D. Ky. 2002).

## Conclusion

The foregoing constitutes the Court's findings of fact and conclusion of law. A separate order shall be entered accordingly.


Copies to:

David M. Kaplan, Esq.

Nicole H. Pang, Esq.

9

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
***Tracey N. Wise***
**Bankruptcy Judge**
**Dated: Thursday, April 14, 2011**
**(lbr)**